Oaruthers, J.,
delivered the opinion of the Court.
This case seems mainly intended to test the validity of the incorporation of Morristown. There is an agreed case presenting the facts.
*25 The question is made upon a motion to sell the land of defendant for the satisfaction of the tax assessed by the corporate authorities under the charter. The corporation was organized under the general act, for the incorporation of towns, of 1849, ch. 17. It is not controverted but that the proceedings in this case were in strict conformity to the provisions of that act, and the question is as to its constitutionality.
This statute establishes a genaral and complete system of municipal government for towns, cities, and villages, and provides, in the 9th section, the mode by which the inhabitants of any particular town may adopt and organize under it. They shall apply by petition, to the County Court setting forth their desire to avail themselves of its privileges, with a description by metes and bounds of the limits of their town, which shall be spread upon the minutes of the Court, and registered in the register’s office. The objection taken is, that the power to grant charters of incorporation is vested alone in the Legislature, and cannot be delegated to the Courts, or any other authority. The clause in the Constitution on this subject, is the proviso to the 7th sec. of the 11th art., in these words: “ the Legislature shall have pozver to grant such charters of incorporation as they may deem expedient for the public good.” This affirmative communication of this power to the Legislature operates as a negative upon its exercise by the Courts, or its delegation to any other authority. But then the question arises, has it been delegated by this act ? We think very clearly not. The doubt upon this subject has, as it seems, grown out of a misconception of the case of The State vs. Armstrong, 3 *26 Sneed, 634. That case was correctly decided beyond all question. It was upon the act of 1856, ch. 254, by which the full and broad power to create corporations was given to the Circuit Courts, and was, therefore, held to be in violation of the Constitution. Not so in this act. It gives the County Court no power on the subject but to record the petition for the benefit of a perfect and complete charter, and designates the boundaries to which it is to apply — that is, to prescribe the corporate limits of their town. It cannot add to or diminish the powers, privileges, and immunities granted, nor make the least change of any kind in the charter. The legislative will is fully declared in the act, and nothing is left to the Court but to locate and apply it to any community who may petition for it, and bring themselves within its provisions. This is very different from the act of 1856, by which the extent and character of the powers given, and the particular objects of the corporation were to be fixed by the Court, or rather, in effect, the wishes and desires of the applicants in this respect ratified by the Court. That was ‘as palpably in. conflict with the Constitution, as this is in conformity to it. There is no discordance between this decision and that; the cases are entirely different.
, The object of the Legislature was to save the great waste of time and money consumed in the making and printing separate ■ acts for the incorporation of the thousand towns and villages that might and would spring up in this growing and prosperous State; and we may suppose that the importance, so far as practicable,* of producing uniformity in the municipal powers *27 and privileges of the citizens and corporate authorities of all the towns had its influence upon them. This would certainly be desirable, -and is a strong consideration in favor of the policy of the act.
This act is nothing different in principle, in reference to this objection, than what is called the “free banking law;” and the constitutionality of that act has not, that we are aware, ever been questioned. If one is not obnoxious to the objection, the other is not. That was a single complete charter of incorporation that might be adopted by a thousand companies, and constitute them bodies corporate and politic for the purpose of banking, upon a compliance with its provisions. This was to be done by application to certain State officers, and the performance of the specified conditions.
Then, we hold, that the mayor and aldermen of Morristown had a right to exercise all the powers and to enjoy the privileges conferred by the act of 1849, among which was the power claimed in this case.
We therefore reverse the judgment of the Circuit Court, and sustain the motion of the plaintiffs.